## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID DEBOARD, JR., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br><br>SUPER 8 SEYMOUR,<br><br>    Defendant. | § § § § § § § § § § § § § | Civil Action No.: 1:13-cv-511<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Comes now, David Deboard, Jr. ("Plaintiff"), on behalf of himself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.    Plaintiff, David Deboard, Jr., brings this action individually and on behalf of all others similarly situated against Super 8 Seymour ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations.

2.    Plaintiff is a veteran who is disabled and requires the use of a powered wheel chair. He brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate hotel facilities that are fully accessible to, and independently usable by, disabled people. Specifically, Defendant's hotel, which is a place of public accommodation, has barriers to use of its pool. Defendant's pool does not have a fixed pool lift or other acceptable means of entry to the pool for

disabled persons. Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's hotel violates federal law and an injunction requiring Defendant to install a fixed pool lift or other means of access in compliance with ADA requirements so that it is fully accessible to, and independently usable by, disabled individuals.  Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

### THE ADA AND ITS IMPLEMENTING REGULATIONS

3.      On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

4.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

5.      Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

6.      On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

7.      Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

8.       In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

9.       In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise its ADA and ABA Accessibility Guidelines.

10.      The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

11.      On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

12.      On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

13.      The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards").  The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010.  The 2010 Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.[1]

## JURISDICTION AND VENUE

14.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

15.      Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

---

[1]      Though the Effective Date of the 2010 Standards was March 15, 2011, the deadline for existing pools to comply did not become effective until January 31, 2013, at which time the 2010 Standards became enforceable through civil actions by private plaintiffs.

16.     Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

17.     Plaintiff, David Deboard, Jr., is and, at all times relevant hereto, was a resident of Fayette County, Indiana.  Plaintiff is and, at all times relevant hereto, has been legally disabled and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq. Defendant, Super 8 Seymour, is upon information and belief headquartered at 401 Outlet Boulevard, Seymour, Indiana 47274.  Defendant is a public accommodation pursuant to 42 U.S.C. 12181(7)(A) which offers public lodging services.

## VIOLATIONS AT ISSUE

18.     Plaintiff contacted Defendant's hotel located at 401 Outlet Boulevard, Seymour, Indiana 47274, on February 27, 2013, at about 8:56 p.m. for purposes of booking a room. Plaintiff inquired whether Defendant's hotel pool had a lift or other means of access for disabled persons such as Plaintiff. Defendant's representative stated that the hotel pool did not have a lift or other means of access.

19.     The existence of barriers to use the pool at Defendant's hotel deterred Plaintiff from staying at Defendant's hotel. Upon information and belief, other disabled persons were deterred from staying there or otherwise precluded from using the pool as guests due to the absence of a pool lift.

20.     As a result of Defendant's non-compliance with the ADA, Plaintiff and the Class, unlike persons without disabilities, cannot independently use Defendant's pool.

21.     In violation of Section 242.2 of the 2010 ADA Standards, Defendant does not have a pool lift or other acceptable means of entry complying with Section 1009.2.

22.     Though Defendant has centralized policies regarding the management and operation of its hotels, Defendant has never had a plan or policy that is reasonably calculated to make all of its hotels fully accessible to and independently usable by, disabled people.

23.     Plaintiff has actual knowledge of the fact that Defendant's hotel lacks the mandatory elements required by the 2010 Standards to make the pools fully accessible to and independently usable by disabled people.

24.     As a disabled veteran who is required to use a powered wheelchair, Plaintiff has a keen interest in whether public accommodations that offer public lodging services are fully accessible to, and independently usable by, the disabled, specifically including an interest in ensuring that pools possess all of the features required by the 2010 Standards.

25.     Plaintiff, or an agent of Plaintiff, intends to return to Defendant's hotel to ascertain whether it remains in violation of the ADA.

26.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's hotel pool in violation of his rights under the ADA.[2]

## CLASS ALLEGATIONS

27.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally disabled individuals who have attempted to access, or will in the future attempt to access, Defendant's hotel.

---

[2]     Plaintiff, or an agent of Plaintiff, intends to visit Defendant's hotel periodically to monitor whether Defendant is in compliance with the ADA's requirements calculated to confirm that pools are fully accessible to, and independently usable by, disabled people.

28.     The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

29.     Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

30.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its pool fully accessible and independently usable as above described.

31.     Adequacy of Representation: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

32.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**SUBSTANTIVE VIOLATION**

33.     The allegations contained in the previous paragraphs are incorporated by reference.

34.     Defendant has discriminated against Plaintiff and the Class in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in

violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and Section 242.2 of the 2010 Standards, as described above.

35.     Defendant has discriminated against Plaintiff and the Class in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. § 12182(b)(2)(A)(iv) and Section 242 of the 2010 Standards, as described above.   Compliance with the requirements of Section 242.2 of the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

36.     Pursuant to Section 44 of the IRS Code, Defendant may be able to obtain a tax credit and tax deduction where it complies with the ADA.[3] The tax credit is available to businesses that have total revenues of $1,000,000 or less in the previous tax year or 30 or fewer full-time employees. This credit can cover 50% of the eligible access expenditures in a year up to $10,250 (maximum credit of $5000). The tax credit can be used to offset the cost of undertaking barrier removal and alterations to improve accessibility. The tax deduction is available to all businesses with a maximum deduction of $15,000 per year. The tax deduction can be claimed for expenses incurred in barrier removal and alterations.[4]

37.     Compliance with  42 U.S.C. § 12182(b)(2)(A)(iv) and Section 242 of the 2010 Standards, as described above, is readily achievable by the Defendant due to the low costs of installing a fixed pool lift or lifts.[5]

38.     Defendant's conduct is ongoing, and, given that Defendant has never complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and

---

[3] *See generally* Dep't of Justice, *Questions and Answers: Accessibility Requirements for Existing Swimming Pools at Hotels and Other Public Accommodations* (Mar. 1, 2013), *at* http://www.ada.gov/qa_existingpools_titleIII.htm.
[4] *Id*.
[5] *Id*. Readily achievable means that providing access is easily accomplishable without much difficulty or expense.

independently usable by, disabled individuals, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

39.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its hotel pools be fully accessible to, and independently usable, by disabled people is likely to recur.

## PRAYER FOR RELIEF

a.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its pools were fully accessible to, and independently usable by, disabled individuals;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to brings its pools into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the pools are fully accessible to, and independently usable by, disabled individuals, specifically including a pool lift as required by Section 242.2 and 1009.2 of the 2010 Standards, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its pools are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.     An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing his counsel as class counsel;

d.      Payment of costs of suit;

e.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.      The provision of whatever other relief the Court deems just, equitable and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

<div style="margin-left:40%">

Respectfully submitted,


THE FRASHER LAW FIRM, P.C.


By:_____*s/ Ryan R. Frasher*_____
Ryan R. Frasher

</div>

Dated:  March 26, 2013

<div style="margin-left:40%">

Respectfully Submitted,

TRAVIS & CALHOUN, P.C.

*s/ Eric G. Calhoun*_____
Eric G. Calhoun
Texas Bar No. 03638800
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
Tel: 972.934.4100
Fax: 972.934.4101
eric@travislaw.com

THE FRASHER LAW FIRM, P.C.

*s/ Ryan R. Frasher*_____
Ryan R. Frasher (27108-49)
450 Barrister Building
155 East Market Street
Indianapolis, IN 46204
Tel:  317.634.5544

</div>

Fax:  317.630.4824
rfrasher@frasherlaw.com

ATTORNEYS FOR PLAINTIFF
AND
PROPOSED CLASS COUNSEL